JOURNAL ENTRY and OPINION
{¶ 1} In these consolidated cases, defendant-appellant Sandy Miller appeals from the four and a half year sentence imposed upon her by the trial court after appellant entered guilty pleas to numerous charges that had been set forth in three separate indictments.
 {¶ 2} Appellant argues the sentence is flawed on the basis the trial court failed to make the requisite findings prior to ordering most of the terms of incarceration to be served consecutively.
 {¶ 3} Upon a review of the record, this court finds that the trial court's statements made at appellant's sentencing hearing complied with its statutory duties. Appellant's sentences, therefore, are affirmed.
 {¶ 4} Appellant initially was indicted in September, 1998 in case number CR-367462.[1] The indictment related to one elderly female victim. It charged appellant with two counts of theft, R.C. 2913.02, in respective amounts of between $5,000 and $100,000 and under $300, and also with three counts of forging credit card signatures, R.C. 2913.31. The offenses were alleged to have taken place over the period of the previous year.
 {¶ 5} Appellant next was indicted in August 2001 in case number CR-413064.[2] The six-count indictment named appellant's husband as a co-defendant. Appellant was charged in count one with violation of R.C.2923.32 of engaging in a pattern of corrupt activity during May through August 2001. The indictment further alleged that this pattern related to three different female victims, and consisted of three counts of theft of between $500 and $5,000 and two counts of intimidation, R.C. 2921.04(A).
 {¶ 6} Finally, in late October 2001 appellant additionally was indicted with her husband and two other family members in case number CR-415654.[3] This indictment alleged in court one that appellant also had engaged in a pattern of corrupt activity during October, 1995 through June, 2000. This pattern related to four more female victims, and appellant was charged with four more counts of theft in amounts of between $500 and $100,000 and with two more counts of intimidation. Appellant's three cases all were assigned to the same trial court.
 {¶ 7} Following some discovery, appellant entered into a plea agreement with the state. As outlined in the record, in exchange for the dismissal of the other serious charges, appellant entered a plea of guilty to the following offenses: 1) in CR-367462, only the first count, viz., theft in the amount of between $5,000 and $100,000; 2) in CR-413064, counts two through six, viz., three counts of theft of between $500 and $5,000, and two counts of intimidation; and 3) in CR-415654, counts two, four and six, each a charge of theft, and count five, intimidation, as amended to a misdemeanor. Appellant further agreed to pay certain restitution amounts to six of the named victims. The trial court accepted appellant's plea, then referred her to the probation department for a presentence investigation and report.
 {¶ 8} Subsequently, at appellant's sentencing hearing, seven of her victims appeared in order to speak to the trial court. The trial court listened patiently to the victims' retelling of their dealings with appellant. It heard from the attorneys and appellant herself before proceeding to sentence appellant.
 {¶ 9} The trial court first listed appellant's five aliases. It next detailed each offense appellant had committed, setting forth the age of the victim, the circumstances in which the appellant took advantage of the victim, the amounts of money taken, and the threats appellant made to the victims when confronted. For example, appellant told one victim she could be "admitted to the [psychiatric] hospital against her will" simply if appellant and one other person decided to "sign a complaint against [her]."
 {¶ 10} The trial court indicated it had considered that appellant's offenses had "occurred over a considerable period of time." Moreover, appellant had an earlier conviction for a similar offense in 1979 and eventually had violated the conditions of her probation in that case.
 {¶ 11} The trial court further stated in pertinent part as follows:
 {¶ 12} "The Court, therefore, finds that the defendant here is obviously a recidivist, and in this Court's opinion a likely recidivist, in that she has not responded well to past attempts at rehabilitation, * * * and [is] now repeating her crimes, and that the victims — plural — herein suffered serious financial damages, in the thousands of dollars, and further, the relationship with (sic) the victims and the defendant facilitated the offenses that have been complained of here.
 {¶ 13} * * * [S]he gained their confidence and made promises, * * * under a guise of being a healer and someone who is trying to help the victims, when all the time she was bilking them out of their money, their life savings, and using her particular talent for misleading them, on elderly people and on people who had problems in their lives, that she was going to cure them, * * * and when the few of them wanted to go to the police, actually threatened them.
 {¶ 14} So there comes a time, Mrs. Miller, when the word `sorry' does not do it. In this Court's opinion, you are a con artist, and the only reason that you are `sorry' is that you were caught, or you would still be out there using this card reader/psychic reading charade that you put out to bilk yet more people out of their financial savings * * *."
 {¶ 15} The trial court imposed a term of incarceration of one year for appellant's theft conviction in CR-367462. This term was to be served consecutively with a total term of a year and a half for appellant's three convictions in CR-413064 and another total term of a year and a half for appellant's four convictions in CR-415654. The trial court further explained the foregoing sentences in the following manner:
 {¶ 16} "The Court finds that a prison term is consistent with protecting the public from future crime and to punish the defendant. Further, the offender is, under this Court's opinion and Senate Bill 2, is (sic) not amenable to community control sanctions, and that the shortest term would not adequately protect the public from the defendant.
 {¶ 17} The Court also finds that consecutive terms are necessary to protect the public and consecutive terms are necessary to punish the defendant.
 {¶ 18} The Court also believes that the harm caused here was so great that no single prison term would adequately reflect the seriousness of the defendant's conduct.
 {¶ 19} So the Court is making a finding here that all of these sentences are to run consecutively, except for the misdemeanor that I already stated will be concurrent. So the total time at Marysville for the defendant will be four and a half years."
 {¶ 20} Appellant challenges her sentence, citing two assignments of error as follows:
 {¶ 21} "The trial court erred by sentencing the appellant to consecutive sentences in violation of R.C. § 2929.14(E).
 {¶ 22} The trial court failed to engage in a proportionality analysis as required by R.C. § 2929.11(B)."
 {¶ 23} Although appellant acknowledges she received "the minimum sentence in each felony," she argues her sentence should be vacated for the trial court's failure to comply with both R.C. 2929.14(E) and R.C.2929.11(B). The first statute sets forth the findings necessary in order to impose any sentences for multiple offenses consecutively. The second reminds the trial court the sentence should be "consistent with sentences imposed for similar crimes committed by similar offenders." This court concludes the trial court's comments in this case adequately met the foregoing requirements.
 {¶ 24} As the transcript of appellant's sentencing hearing demonstrates, the trial court decided to impose most of the terms consecutively because: 1) they were necessary to protect the public; 2) they were warranted by appellant's outrageous conduct; and, 3) the harm caused to the victims was so great as to justify multiple prison terms in order to reflect the seriousness of appellant's conduct.
 {¶ 25} Moreover, the trial court also stated the underlying reasons for its decision: viz., appellant took a significant amount of money from numerous particularly vulnerable people over a lengthy time period. She then concocted threats of an emotional nature to discourage her victims from lodging any official complaints against her. Thus, the trial court complied with R.C. 2929.14(E). State v. Rodeback, Cuyahoga App. No. 80151, 2002-Ohio-2739; cf., State v. Long (Aug. 9, 2001), Cuyahoga App. No. 78616.
 {¶ 26} With regard to an analysis of a trial court's compliance with the "overriding purpose" set forth in R.C. 2929.11(B), this court's review necessarily is limited. State v. Haamid (June 28, 2001), Cuyahoga App. Nos. 78220, 78221.
 {¶ 27} The trial court's comments at appellant's sentencing hearing clearly demonstrate that it believed appellant's conduct during the period of her commission of the crimes to be particularly egregious. Nevertheless, it did not deviate from imposing the minimum term upon her for each offense; rather, it simply ordered most of the terms to which appellant pleaded guilty to be served consecutively. This court will not disturb the trial court's decision under these circumstances. State v.Henderson, Cuyahoga App. Nos. 80346, 80365, 2002-Ohio-2965.
 {¶ 28} Since both the appellant's assignments of error lack merit, they are overruled.
 {¶ 29} Appellant's sentences are affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Court of Common Pleas to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MICHAEL J. CORRIGAN, J. and ANN DYKE, J. CONCUR.
[1] Subsequently assigned appellate case number 81196.
[2] Subsequently assigned appellate case number 81669.
[3] Subsequently assigned appellate case number 81668.